

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| LADARREN J. PUGH, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  3:23-00042-MGL |
| | § | |
| JOHN DOE, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING CARRIER'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

## I.    INTRODUCTION

Plaintiff LaDarren J. Pugh (Pugh) brought this lawsuit against Defendant John Doe concerning an automobile accident he had with John Doe.  MGA Insurance Company (MGA) is Pugh's uninsured motorist coverage carrier.

## II.    FACTUAL AND PROCEDURAL HISTORY

Pugh alleges he was involved in a motor vehicle collision while traveling westbound on Interstate 20 in Warren County, Georgia.  Complaint ¶ 4.  According to Pugh, while traveling behind a truck pulling an auto-transport trailer, the truck suddenly braked, causing Pugh to rear end it.  *Id.*

Pugh "alleges that the unknown driver got out of his vehicle and [then] return[ed] to his vehicle and rapidly drove away."  Pugh's Response at 1.  Pugh was unable to obtain the identity of the driver of the truck, except to note that the trailer had a Florida license plate.

Pugh states he "was injured from the collision and was forced to incur medical bills." Complaint ¶ 5. He maintains he "also endured great pain and suffering upon his person and sustained great emotional pain and suffering." *Id*.

Pugh filed suit in this Court in accordance to South Carolina Code § 38-77-180, which provides in relevant part that, [i]f the owner or operator of any vehicle causing injury or damages by physical contact is unknown, an action may be instituted against the unknown defendant as 'John Doe[.]'" He thereafter served MGA with a copy of the summons and complaint. As per South Carolina Code § 38-77-150(B), "the insurer has the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability[.]"

MGA then filed a one-page Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction over John Doe. Thereafter, Pugh filed a response in opposition to the motion, and MGA filed a reply in support. The Court, having been briefed on the matter, is prepared to adjudicate the motion.

## III.    DISCUSSION AND ANALYSIS

MGA contends the Court should dismiss this action because it lacks personal jurisdiction over John Doe. Pugh, of course, argues the case should go forward.

Neither party cited to any cases with similar facts to this one in support of their argument. After an exhaustive search, the Court has located just one. It is from the Georgia Court of Appeals.

In that case, Plaintiff Douglas Duncan (Duncan), who was a Georgia resident, was injured in an automobile accident that was caused by John Doe, an unknown uninsured motorist. *Allstate Ins. Co. v. Duncan*, 462 S.E.2d 638, 639 (Ga. Ct. App.1995). The accident occurred in Missouri.

2

*Id*. At the time of the accident, Duncan was a passenger in a car insured by Allstate Insurance Company (Allstate). *Id*.

Duncan subsequently sued John Doe in Georgia state court and served Allstate as the uninsured motorist carrier. *Id*. Allstate subsequently filed a motion to dismiss for lack of personal jurisdiction, arguing that the court was without jurisdiction over John Doe. *Id*. According to Allstate, the court's exercise of personal jurisdiction would be unconstitutional if that John Doe lacked sufficient minimum contacts with Georgia. *Id*. at 640. The trial court agreed it lacked jurisdiction over John Doe. *Id* at 639.

The Georgia Court of Appeals disagreed, however, and held that "even if [it] assume[d] Allstate ha[d] standing to raise the issue of John Doe's due process rights, those rights would not be violated because any judgment against John Doe would not be an in personam judgment." *Id.* at 640.

As the Court already stated, the facts in that case are similar to the facts here. Pugh, a resident of South Carolina, was also allegedly injured in an automobile accident, which was caused by John Doe, an unknown uninsured motorist. The accident occurred in Georgia, and at the time of the accident, Pugh was driving an automobile insured by MGA.

Pugh subsequently sued John Doe in this Court and served MGA as the uninsured motorist carrier. MGA, like Allstate in the Georgia case, filed a motion to dismiss for lack of personal jurisdiction, arguing that the Court is without jurisdiction over John Doe. According to MGA, the Court's exercise of personal "jurisdiction [must] comport with due process as required by the United States Constitution." MGA's Reply at 2.

But, the Court agrees with the rationale of the Georgia Court of Appeals: "even if [it] assume[s] [MGA] has standing to raise the issue of John Doe's due process rights, those rights would not be violated because any judgment against John Doe would not be an in personam judgment." *Duncan*, 462 S.E.2d at 640.

"The purpose of a John Doe action is merely to fix the liability of the uninsured motorist carrier to its policyholder for loss caused by an unknown tortfeasor." *Id*. at 641 "Such a proceeding obviously does not operate to defeat the unknown tortfeasor's due process rights." *Id*.

Consequently, the Court will deny MGA's motion to dismiss for lack of personal jurisdiction over John Doe.

## IV.    CONCLUSION

In light of the foregoing discussion and analysis, MGA's motion to dismiss for lack of personal jurisdiction is **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of June, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

4